UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1- 4:22 CR-161 MTS  *403 HEA UL* |
| | ) | |
| MARK ANTHONY DIGGS, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant Mark Anthony Diggs, represented by defense counsel Robert

Taaffe, Jr., and the United States of America (hereinafter "United States" or "Government"),

represented by the Office of the United States Attorney for the Eastern District of Missouri. This

agreement does not, and is not intended to, bind any governmental office or agency other than

the United States Attorney for the Eastern District of Missouri. The Court is neither a party to

nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the

defendant's voluntary plea of guilty to Count One and Count Two of the charge the United States

agrees that no further federal prosecution will be brought in this District relative to the

defendant's violation of federal law on May 31, 2022, as outlined in the Indictment, of which the

Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The government will make a recommendation for a sentence at the lowest end of the guidelines in regards to Count One to run consecutive to Count Two.

The defendant also agrees, pursuant to the guilty plea to Count One and Count Two, to forfeit to the United States all property subject to forfeiture under the applicable statute(s).

## 3. **ELEMENTS:**

**A.** **Count One:** As to Count One, the defendant admits to knowingly violating Title 18, United States Code, Section 1951, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One*, the defendant knowingly robbed ATM Solutions employees;

*Two*, the robbery involved United States currency;

*Three*, the United States currency was in the custody of an employee of ATM Solutions; and

*Four*, the defendant's actions obstructed, delayed, affected commerce in some way or degree.

**B.** **Count Two:** As to Count Two, the defendant admits to knowingly violating Title 18, United States Code, Section 924(c)(1)(A)(ii), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

*One,* the Defendant committed a crime of violence, that is, to obstruct, delay or affect commerce by robbery as charged in Count One of the Indictment; and

*Two,* the Defendant knowingly possessed and brandished a firearm in furtherance of that crime.

2

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On May 31, 2022, the St. Louis County Police Department (SLCPD) received a 911 call at approximately 10:20 a.m. from an ATM Solutions employee reporting that she and her co-worker, were just robbed. The two employees were servicing an automated teller machine (ATM) at the Vantage Federal Credit Union located at 11654 West Florissant Avenue, St. Louis County, Missouri located within the Eastern District of Missouri, when a white Kia Optima driven by Gregreonia HAMPTON parked next to an open ATM. Mark DIGGS exited the rear of the vehicle pointing an AM-15 model, .300 Blackout caliber, fully automatic pistol at the employees. DIGGS demanded, "Throw me the bag." The employee complied with the demand and threw a money bag with approximately $217,500 in United States currency to DIGGS. DIGGS took the bag and returned to the back seat of Kia Optima. HAMPTON then drove the vehicle away. The robbery was captured on video surveillance.

While on scene, St. Louis County Police dispatched was informed that a Missouri State Highway Patrol trooper located a tan bag with black handles and VCU 203 written on the bag on the side of Dunn Road in St. Louis County. It was determined that the bag was used by ATM Solutions to transport United States currency. The bag contained approximately 30 paper money straps but no United States currency. DNA collected from the money straps was submitted to the SLCPD Crime Laboratory for analysis. DNA found on the money straps matched DIGGS.

On June 1, 2022, the white Kia Optima was found in the parking lot of townhomes located at 8658 Brittany Town Place, St. Louis County. Video surveillance from businesses surrounding

3

the parking lot was collected. Video surveillance revealed that on May 31, 2022, at approximately 10:09 a.m., HAMPTON entered the white Kia Optima and drove away heading north on North Hanley Road, Hazelwood, Missouri. The white Kia Optima returned to the parking lot on May 31, 2022, at approximately 10:34 a.m. At which time HAMPTON and DIGGS were seen walking toward the town home located at 8678 Brittany Town Place. DNA collected from the interior of the vehicle was submitted to the SLCPD Crime Laboratory for analysis. DNA found on the steering wheel of the white Kia Optima matched that of HAMPTON.

Beginning on June 2, 2022 and continuing through June 25, 2022, the Instagram account belonging to DIGGS posted photographs depicting him in possession of a large amount of United States currency. Further, DIGGS cellular telephone toll records place his telephone in the vicinity of Vantage Credit Union at the time of the robbery. On July 14, 2022, a search of DIGGS residence located at 702 Carr Street Apartment B, St. Louis, Missouri was conducted. Inside the residence, law enforcement discovered a firearm, sneakers, a baclava mask, and clothing all identical to the items worn and possessed by DIGGS at the time of the robbery.

On May 31, 2022, ATM Solutions, Inc. was engaged in the distribution of United States currency through various offices in the Eastern District of Missouri and other states in the United States. The defendant admits that, while being aided and abetted by HAMPTON, he knowingly used threats or force to rob ATM Solutions of United States currency in the possession of its employees and that his actions affected interstate commerce. Defendant further admits that he possessed and brandished a firearm in furtherance of the robbery.

## 5. **STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty are:

**A.**    **Count One:** imprisonment of not more than twenty (20) years, a fine of not more than $250,000, or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than three years.

**B.**    **Count Two:** imprisonment of not less than seven years, but not more than life, consecutive to any other sentence imposed; a fine of not more than $250,000; or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than five years. **The Defendant fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of seven years consecutive to any other sentence imposed.**

## 6. U.S. SENTENCING GUIDELINES (2021 MANUAL):

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

**COUNT ONE:**
**ARMED ROBBERY**

### a. Chapter 2 Offense Conduct:

**(1)** **Base Offense Level:** The parties agree that the Base Offense Level is 20, as found in Section 2B3.1(a).

**(2)** **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: 2 levels should be added pursuant to Section 2B3.1(b)(1) because the property of a financial institution was taken and 2 levels should be added pursuant to Section 2B3.1(b)(7)(C) because the loss amount exceeded $95,000 but less than $500,000.

5

**b. Chapter 3 Adjustments:**

    **(1) Acceptance of Responsibility:** The parties agree that **three** levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

    **c. Estimated Total Offense Level:** The parties estimate that the Total Offense Level is **21**.

**COUNT TWO:**
**BRANDISHING OF FIREARM IN FURTHERANCE OF ROBBERY**

**a. Chapter 2 Offense Conduct:**

    **(1) Base Offense Level:** The parties agree that the base offense level is is found in Section 2K2.4(b) ) – i.e. imprisonment of seven years.

    **(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: none known at this time.

**b. Chapter 3 Adjustments:**

    **(1) Acceptance of Responsibility:** Pursuant to Application Note 5 of Section 2K2.4, Chapters 3 and 4 do not apply. Therefore, as to Count Two, Defendant is not entitled to acceptance of responsibility reduction under Section 3E1.1.

6

    **c. Estimated Total Offense Level:** As to Count Two, the parties estimate that the Total Offense Levels is a mandatory minimum sentence of seven years consecutive to any other sentence Defendant may receive.

    **d. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

    **e. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    **a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

        **(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

        **(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing

Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b.  Habeas Corpus:**  The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c.  Right to Records:**  The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.  OTHER:**

**a.  Disclosures Required by the United States Probation Office:**  The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b.  Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**  Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c. **Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.   These conditions will be restrictions on the defendant to which the defendant will be required to adhere.  Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.  The defendant understands that parole has been abolished

d. **Mandatory Special Assessment:**  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the defendant agrees to pay at the time of sentencing.  Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

e. **Possibility of Detention:**  The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision:**  The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.  The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.  Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c).  Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all

9

relevant conduct loss.  The defendant agrees to provide full restitution to all victims of all charges in the indictment.

    **g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States.  The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice.  By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

    The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant also agrees to the entry of a forfeiture money judgment against the defendant and in favor of the Government in the amount of $217,500. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence.  The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners.  The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement,

including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has

11

completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. <u>VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT</u>:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. <u>CONSEQUENCES OF POST-PLEA MISCONDUCT</u>:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in

its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12.  NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

4/10/23
Date

LINDA LANE
Assistant United States Attorney

4/20/23
Date

MARK ANTHONY DIGGS
Defendant

4/20/23
Date

ROBERT TAAFFE, JR.
Attorney for Defendant

13